UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

MICHAEL STANLEY CLARK                       NO. 17-00005-BAJ-EWD

ORDER

Before the Court is Petitioner's *pro se* **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. (Doc. 42).** The Motion is opposed. (Doc. 59). Petitioner filed additional Memoranda in support of his Motion. (Doc. 50; Doc. 66; Doc. 71; Doc. 73).

The Court will set an evidentiary hearing regarding Petitioner's claim of ineffective assistance of counsel for failure to file a timely Notice of Appeal and issue a Ruling thereafter. For the reasons stated below, Petitioner's Section 2255 Motion is **DENIED** in all other respects.

I.    BACKGROUND

On January 19, 2017, a federal grand jury returned a six-count Indictment charging Petitioner with the following: (1) two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); (2) one count of persuasion, incident, enticement, and coercion of a child victim to engage in sexually explicit conduct for the purpose of production of child pornography, in violation of 18 U.S.C. § 2251(a); (3) two counts of distribution of child pornography, in violation

1

of 18 U.S.C. § 2252A(a)(2); and (4) one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). (Doc. 1).

On November 14, 2017, Petitioner pled guilty to Counts One, Three, Four, Five, and Six of the Indictment, pursuant to the terms of a Plea Agreement. (Doc. 28; Doc. 30). Petitioner's Plea Agreement provided, among other things, that in exchange for Petitioner's guilty plea, the United States would "move to dismiss the remaining count of the Indictment after sentencing, and [] [would] not prosecute the [D]efendant for any offense related to the offenses charged in the Indictment." (Doc. 30, p. 2). The Plea Agreement also contained a Section titled "Waiver of Appeal and Collateral Remedies," which provided:

> Except as otherwise provided in this section, the Petitioner hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the Petitioner's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised re lease or probation. The Petitioner, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guide lines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, the Petitioner may bring any claim of ineffectiveness of counsel.

(*Id.* at p. 13–14).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") indicating that Petitioner faced a United States

2

Sentencing Guidelines ("Guidelines") advisory range of 1,320 months imprisonment based on a criminal history category of IV and a total offense level of 43. (Doc. 34, ¶ 126).

Petitioner's sentencing hearing was held on March 7, 2018. (Doc. 37). Therein, Petitioner objected to paragraph 83 of the PSR and, relying on "uncontroverted information," the Court overruled Petitioner's objection. (Doc. 35; Doc. 37). The Court noted on the record that even if the Court sustained Petitioner's objection, his criminal history category would remain unchanged. (*Id.*). After overruling Petitioner's objection, the Court adopted the undisputed facts contained in the PSR and the Guidelines computations reflected therein. (Doc. 48, p. 7). Ultimately, the Court sentenced Petitioner to a total of 300 months imprisonment, followed by a term of 10 years of supervised release. (Doc. 38, p. 2–3).

Petitioner then filed the instant Section 2255 Motion. (Doc. 42). Petitioner's Motion asserts the following grounds for relief:

(1) "The conviction and sentence is unconstitutional because [Petitioner] did not receive his Sixth Amendment U.S. const. guarantee to effective assistance of counsel." (Doc. 42, p. 4).

   a. "[Petitioner's] Counsel ignored [Petitioner] and [his] family's request to file [a] Notice of Appeal." (*Id.*).

   b. "[Petitioner's] guilty plea was induced by Counsel's fear tactics, sentence promises[,] and fail[ure] to advise [Petitioner] of critical elements." (*Id.*).

   c. "Counsel failed to investigate relevant facts [regarding] the case and advise of a defense/outcome." (*Id.*).

   d. "Counsel misinformed [Petitioner], [Petitioner's] family[,] and [Petitioner's] psychologist of his sentencing exposure." (*Id.* at p. 13).

    e. "Counsel refused to discuss [the PSR] with [Petitioner] [or] seek [a] continuance to do so and advised [Petitioner that his] objections would only 'piss off' the Court." (*Id.*).

    f. "Counsel refused to acknowledge [Petitioner's] written objections and to object to inaccurate information in the [PSR]." (*Id.*).

    g. "Counsel failed to object to [Petitioner's] criminal history level inaccuracies." (*Id.*).

    h. "Counsel failed to object to the Court's lack of jurisdiction to impose a 'non-contact' order in relation to his criminal proceeding." (*Id.*).

    i. "Counsel failed to move for acquittal as to Counts [One, Two, Three, Four, and Five] [because they were] devoid of evidentiary support to satisfy the elements of the offenses." (*Id.* at p. 14).

    j. "Counsel failed to object to the unreasonableness of [Petitioner's] sentence." (*Id.*).

    k. "Counsel failed to object to Double Jeopardy when [the Indictment contained] related offense[s] in [the] same scheme." (*Id.*).

(2) "[Petitioner's] sentence is unconstitutional because the District Court's 'Plain Error' rulings and decrees violate[d] Petitioner's Due Process Guarantees." (*Id.* at p. 5).

    a. "The District Court was without jurisdiction to impose a no contact order in this criminal proceeding." (*Id.*).

    b. "The District Court relied on materially false and unreliable information to impose sentence sanctions." (*Id.*).

    c. "The District Court erred [by] increasing [Petitioner's] sentence and criminal history level." (*Id.*).

(3) "[Petitioner's] guilty plea [] is unconstitutionally involuntary, unknowing, and [un]intelligent." (*Id.* at p. 7).

    a. "[Petitioner's] guilty plea is involuntary as to Counts [One through Five] for which he is actually innocent, due to Counsel's failure to make [Petitioner] cognizant of [the lack of evidentiary support to establish the elements of each charge]." (*Id.*).

b. "[Petitioner's] guilty plea is involuntary as to pre 2016 activity (*i.e.*, 2009) for which he is actually innocent." (*Id.*).

c. "Petitioner's guilty plea was involuntary, unknowing, and unintelligent [because he was] rushed and induced by Counsel." (*Id.*).

(4) "[Petitioner] was unable to research, acquire, or view [] legal materials regarding [his] case [because he] was denied protective custody at [his] pretrial jails." (*Id.* at p. 8).

a. "[Petitioner] asked [] to be placed in protective custody at Livingston Parish Jail, West Baton Rouge Parish Prison, [or] Tangipahoa Parish Prison . . ." (*Id.*).

b. "Given the nature of [Petitioner's] case and being forced into general population, [he] could not talk about[,] let alone acquire or possess legal materials." (*Id.*).

c. "[Petitioner] was in constant fear for [his] life, [and his] attorney reminded [him] several times of the danger [he] was in. [Petitioner] told [his] psychologist at FDC Houston this as well." (*Id.*).

d. "[Petitioner] asked [his] attorney verbally and in writing to help [him] get into protective custody and was told [Counsel] could [not] help [Petitioner] until after [he] was sentenced." (*Id.*).

## II.  DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could

not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## A. Enforceability of Petitioner's Appeal Waiver

"A Petitioner may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Similarly, "a Petitioner can waive his right to file a section 2255 motion." *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). However, "a Petitioner may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel." *Id.*

Petitioner's Section 2255 Motion does not allege that his waiver of appeal rights was involuntary. (*See generally* Doc. 42). Petitioner alleges, however, that his guilty plea was involuntary due to ineffective assistance of counsel. (*Id.*). Thus, mindful of the Supreme Court's admonishment that *pro se* litigants are entitled to liberal construction of their pleadings, this Court will first inquire as to whether "the waiver of appeal itself was tainted by the ineffective assistance of counsel." *White*, 307 F.3d at 339; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

To establish ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). With respect to guilty pleas, the

prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Petitioner cannot show that his Counsel's performance was deficient. The record of the plea proceedings shows that Petitioner answered affirmatively when asked by the Court if his Counsel had reviewed the contents of the Plea Agreement with him, including, specifically, the appeal waiver. (Doc. 45, p. 30–34). Petitioner testified that he both read the Plea Agreement and had it read to him and that he had a "full opportunity to discuss each of the[] provisions [included in the Plea Agreement] with [Counsel] before coming to Court." (*Id.* at p. 30). The Court specifically explained the appeal waiver to Petitioner. Petitioner confirmed his understanding that he was "forever giving up" his ability to challenge his conviction and sentence, apart from limited exceptions. (*Id.* at p. 30–32). Petitioner confirmed that no one forced him to sign the Plea Agreement with the Waiver of Appeal and Collateral Remedies provision in it. (*Id.* at p. 32).

In short, "[t]here is every indication that [Petitioner's] Counsel provided adequate assistance during the plea proceedings, and that [Petitioner] understood the contents of the [P]lea [A]greement at the time the [Court] accepted his guilty plea." *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). "When the record of the Rule 11 hearing clearly indicates that a Petitioner has read and understands

his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the Petitioner will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." *See also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (quotation marks and alterations omitted)). Here, the Court admonished Defendant regarding the waiver of appeal. Accordingly, the terms of Petitioner's appeal waiver will be enforced. *See Henderson*, 72 F.3d at 465.

### B. Effect of Petitioner's Appeal Waiver

With limited exceptions, Petitioner "expressly waive[d] the right . . . to challenge his conviction and sentence in any post-conviction proceeding, including a proceeding under [28 U.S.C. § 2255]." (Doc. 30, p. 12–13). By operation of this waiver, Petitioner may only seek relief from: (1) "any sentence which is in excess of the statutory maximum"; (2) "any sentence which is an upward departure pursuant to the Sentencing Guidelines"; and (3) "any non-Guidelines sentence or 'variance' which is above the guidelines range calculated by the Court." (*Id.*). Because the Court sentenced Petitioner well below the applicable Guidelines range, Petitioner has waived his right to appeal his conviction and sentence on these bases.[1]

---

[1] Petitioner's claim that his sentence is unconstitutional because the Court's "'Plain Error' rulings and decrees violate[d] Petitioner's Due Process guarantees" does not fit any of the exceptions enumerated in the appeal waiver. (Doc. 42, p. 4; Doc. 30, p. 12–13). The same is true of Petitioner's claim that he "was unable to research, acquire, or view [] legal materials regarding [his] case as [he] was denied protective custody at all of the pre-trial jails." (Doc. 42, p. 8). Accordingly, these claims are waived. Petitioner's claim that his guilty plea was "unconstitutionally involuntary, unknowing, and [un]intelligent" is also waived, except to the extent that Petitioner claims that his guilty plea is tainted by the ineffective assistance of counsel. (*Id.* at p. 7).

Petitioner also reserved his right to attack his conviction and sentence based on "claims of ineffective assistance of counsel." (*Id.*). Accordingly, the Court will review the merits of Petitioner's ineffective assistance of counsel claim.

### C. Ineffective Assistance of Counsel Claim

Petitioner argues that his Counsel was ineffective at three stages of this case: (1) Re-Arraignment; (2) sentencing; and (3) the appeals process. (Doc. 42). The Court will address each in turn.

### i. Re-Arraignment Stage

Petitioner asserts that his Counsel was ineffective because he: (1) induced Petitioner's guilty plea by Counsel's "fear tactics, sentence promises[,] and fail[ure] to advise [Petitioner] of critical elements"; (2) failed to "investigate relevant facts meriting the case and of a defense/outcome; and (3) misinformed Petitioner, his family, and psychologist of his sentencing exposure. (Doc. 42, p. 4).

### a. Inducement of Guilty Plea

First, Petitioner argues that Counsel induced his guilty plea. The transcript of the Re-Arraignment proceeding indicates otherwise.[2] Petitioner testified that he was "pleading guilty because [he is], in fact, guilty of the crimes charged in Counts One, Three, Four, Five, and Six the Indictment." (Doc. 45, p. 40). Indeed, Petitioner admitted to specific facts, in writing, in the Plea Agreement. (Doc. 30, p. 7–9). Petitioner "fully understood the consequences of his guilty plea" and pled guilty

---

[2] The Court emphasized at the outset of the proceeding that if Petitioner "fail[ed] to answer [the Court's] questions truthfully, [he] could be prosecuted for yet another crime of lying to the Court or providing false testimony." (Doc. 45, p. 3–4).

"voluntarily and of his own free will." (*Id.* at p. 40–41). Petitioner confirmed that he was not "influenced, induced or persuaded to plead guilty because of any promises of leniency or any other promises made to [him] by anyone." (*Id.* at p. 26). Petitioner further confirmed that he was not persuaded or induced to plead guilty because of "any threats made against [him] by anyone." (*Id.* at p. 26).

The U.S. Supreme Court has held that "[s]olemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). A Petitioner's "mere contradiction of his statements . . . will not carry his burden" of proving that he is entitled to relief from his conviction and sentence. *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). Here, the Court finds that Petitioner's current contradictions of his prior solemn declarations in Court do not carry his burden of proving that he is entitled to relief from his conviction and sentence.

### b. Failure to Advise of Elements of Crime

Second, Petitioner alleges that Counsel failed to advise him of the elements of each crime. Again, the transcript indicates the opposite. Petitioner "discuss[ed] the contents of the Indictment" with Counsel prior to the hearing. (Doc. 45, p. 9). Petitioner "fully under[stood] the charges filed against [him] [] as well as the elements of those offenses." (*Id.* at p. 40). Indeed, the Court emphasized the elements of each offense during the Re-Arraignment hearing and Petitioner confirmed his understanding of same. (*Id.* at p. 9–19). The instant contradictions to Petitioner's in-court statements do not carry his burden of proof.

### c.  Failure to Investigate Facts and Defenses

Third, Petitioner alleges that Counsel failed to investigate the facts and defenses relevant to his case. The transcript indicates the opposite. Petitioner confirmed that he "heard and understood the facts that gave rise to the filing of the charges against [him]," that those facts were correct, and that he did, indeed, commit the acts that gave rise to the charges in the Indictment. (*Id.* at p. 39). Petitioner had "enough time to meet with [his] lawyer and discuss the charges contained in the Indictment." (*Id.* at p. 26–27). Petitioner "had an opportunity to discuss with [Counsel] any defenses that might be available to [him]." (*Id.* at p. 27). Petitioner was "satisfied with the advice and services of [his] lawyer." (*Id.*). Petitioner's contrary assertions do not carry his burden of proof.

### d.  Failure to Advise Regarding Sentencing Exposure

Fourth, Petitioner alleges that Counsel failed to adequately advise him regarding his sentencing exposure. Petitioner testified, however, that his Counsel explained the Guidelines to him. (*Id.* at p. 20). Petitioner signed a Plea Agreement which clearly described his "sentencing exposure" in writing.[3] In any event, the Court sentenced Petitioner to 300 months of total imprisonment—*well below* the Sentencing

---

[3] The Plea Agreement Petitioner signed provides the maximum and minimum statutory penalties applicable to the offenses to which Petitioner pled guilty. (*See* Doc. 30, p. 4–6). The Plea Agreement also features a provision titled "No Agreement Regarding Sentencing," which emphasizes that the Government "makes no promises, representations, or agreements regarding sentencing." (*Id.* at p. 6).

Guidelines range of 1,320 months. Petitioner's contrary assertions do not carry his burden of proof.

### e. Conclusion

Petitioner's testimony and the plain terms of the Plea Agreement refute his allegations. (Doc. 42, p. 4). The Plea Agreement is short, clear, and unambiguous. (Doc. 30). Petitioner's colloquy with the Court expressly contradicts his allegations that Counsel induced his guilty plea, failed to advise him of the relevant elements, failed to investigate facts or defenses, and misinformed him regarding his sentencing exposure. Accordingly, an evidentiary hearing on these claims is not necessary.[4] Petitioner's claims of ineffective assistance of counsel during the Re-Arraignment stage of the case are hereby **DISMISSED.**

### ii. Sentencing

Next, Petitioner argues that his Counsel was ineffective by: (1) refusing to discuss the PSR with Petitioner and advising Petitioner that his objections would anger the Court; (2) failing to object to Petitioner's criminal history level "inaccuracies"; (3) failing to object to inaccurate information in the PSR; (4) failing to

---

[4] *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (This testimony and the plain terms of the plea agreement clearly refute [Petitioner's] allegations that her attorney had promised her a lower sentence based on an agreement with the government. The plea agreement is short, clear, and unambiguous. [Petitioner's] colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement. Thus, the district court did not err in dismissing [Petitioner's] habeas claim without conducting an evidentiary hearing on the issue of ineffective counsel."); *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

object to the Court's lack of jurisdiction to impose a "no-contact" order in relation to Petitioner's criminal proceeding; (5) failing to object to the unreasonableness of Petitioner's sentence; (6) failing to move for acquittal based on a lack of evidentiary support to satisfy the elements of the offenses; and (7) failing to object to Double Jeopardy. (Doc. 42, p. 4, 13–14). The Court will address each argument in turn.

### a. Failure to Discuss Contents of PSR

Petitioner argues that Counsel failed to discuss the PSR with him. However, the transcript of the sentencing hearing reveals the opposite. Therein, Petitioner testified that he received a copy of the PSR, read it, and discussed its contents with Counsel prior to coming to Court. (Doc. 48, p. 3). Petitioner's current contradictions of his solemn declarations in Court do not carry his burden of proving that he is entitled to relief from his conviction and sentence.

### b. Failure to Raise Certain Objections

Petitioner contends that Counsel failed to raise numerous objections at the sentencing phase, addressed in detail below.

### 1. Jurisdiction Regarding No-Contact Order

Petitioner asserts that Counsel erred by failing to object to the Court's lack of jurisdiction to impose a no-contact order. Petitioner's argument fails. "Counsel's failure to raise a frivolous objection is not ineffective assistance and is not a ground for relief under § 2255." *Redenius v. United States*, No. EP-11-CR-361-DB-1, 2015 WL 13387866, at *5 (W.D. Tex. Aug. 27, 2015) (citing *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not

ineffective lawyering, it is the very opposite.")). The Court has jurisdiction to impose a no-contact order, and had Counsel contended otherwise, it would have raised ethical concerns to the Court.[5] *See* Rule of Professional Conduct 3.1 (Attorneys must have a good faith basis to raise an argument to the Court and are prohibited from raising frivolous arguments).

Because any objection would have been denied as frivolous, Petitioner cannot establish prejudice to his defense based on Counsel's failure to raise this objection. *See Strickland v. Washington*, 466 U.S. 668, 689–94 (1984) (Petitioner must show that Counsel's deficient performance prejudiced his defense); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

### 2. Failure to Move for Acquittal and Failure to Object to Unreasonableness of Sentence

Petitioner's arguments that Counsel failed to move for acquittal and failed to object to the unreasonableness of Petitioner's sentence are similarly unpersuasive. Counsel would not have been successful in "moving for acquittal" after Petitioner pled

---

[5] The U.S. Court of Appeals for the Fifth Circuit has permitted a contact restriction with minors in a sex offender case because the restriction was "reasonably related" to the 18 U.S.C. § 3553 factors. *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (noting that the restriction was reasonably related to Petitioner's history, specifically his conviction for assault of a minor with intent to commit sexual abuse) (noting that the restriction was reasonably related to deterrence and protecting the public) (citing *United States v. Rodriguez*, 558 F.3d 408, 417 (5th Cir. 2009) ("Congress has made clear that children . . . are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release.")).

guilty in open Court, under oath, and admitted to specific acts that he committed related to the charges in the Indictment, both orally and in writing.

Counsel likewise would not have been successful in objecting to the "unreasonableness" of Petitioner's sentence, when the Court sentenced him well below the Guidelines range, after noting that it would have been well within the Court's right to impose a life sentence. Indeed, the Court noted that "a big reason why [the Court] did not impose a life sentence in [this] case is because [Petitioner's] lawyer provided [the Court] with some very valuable information and important information on [Petitioner's] behalf." (Doc. 48, p. 31). Petitioner cannot establish prejudice due to Counsel's failure to raise these objections.

### 3.  Failure to Object to "Double Jeopardy"

The Court reaches the same result for Petitioner's claim that Counsel failed to object to "double jeopardy." Counsel would not have been successful in objecting to "double jeopardy" as no double jeopardy issue exists here. As the Government pointed out, Counts One, Two, Three, Four, and Five allege separate criminal acts on distinct dates. Count Six alleges possession of child pornography between 2009 and October 20, 2016, and each of the other five counts contains an element "separate and distinct" from Count Six.[6] (Doc. 59, p. 11). Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

---

[6] The Double Jeopardy Clause of the Fifth Amendment "prohibits the [g]overnment from charging a single offense in several counts and is intended to prevent multiple punishments for the same act." *United States v. Sarabia*, No. 20-50438, 2021 WL 3775210, at *5 (5th Cir. Aug. 25, 2021) (finding that Sarabia's convictions were not multiplicitous because "the jury could reasonably conclude that Sarabia received and possessed different depictions

### 4. Failure to Object to Base Offense Level

Petitioner contends that Counsel should have objected to the Court's alleged miscalculation of Petitioner's base offense level as 32 when it should have been 22. (Doc. 50, p. 40). The U.S. Sentencing Guidelines § 2G2.1 unambiguously provides that the base offense level is "32" for "sexually exploiting a minor by production of sexually explicit visual or printed material." Petitioner pled guilty to production of child pornography pursuant to a Plea Agreement. (Doc. 30, p. 1). Simply put, there was no miscalculation. Any objection to Petitioner's base offense level would be frivolous. Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

### 5. Failure to Object to Specific Paragraphs in PSR

Petitioner asserts that Counsel should have raised objections to paragraphs 15, 18, 20, 53, 55, 56, 64, 65, 67, 80, 83, and 105 of the PSR. The Court will address each paragraph at issue.

First, Petitioner allegedly asked Counsel to object to paragraphs 15 and 18. (Doc. 50, p. 11–12). These two paragraphs describe the offense conduct but have no bearing on Petitioner's criminal history category or total offense level. (Doc. 34, p. 7–8). Because a successful objection to paragraphs 15 and 18 would have no bearing on

---

of child pornography at different times") (citing *United States v. Kimbrough*, 69 F.3d 7239 (5th Cir. 1995)). "As relevant here, convictions are multiplicitous where the defendant is charged with and convicted of violating two distinct statutes based on the same underlying conduct where one statute is a lesser-included offense of the other." *Sarabia*, 2021 WL 3775210, at *5 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)) (additional citations omitted).

Petitioner's sentence, Petitioner cannot establish prejudice due to Counsel's alleged failure to raise these objections.

Second, Petitioner asserts that paragraphs 80 and 105 incorrectly impose additional points to his criminal history calculation. (Doc. 34, p. 44, 53). Petitioner's total criminal history resulted in 8 criminal history points and a criminal history category of IV, including 1 point imposed by paragraph 80. (Doc. 34, p. 48). Paragraph 105 imposes 0 points. Assuming *arguendo* that a successful objection to paragraph 80 would have resulted in a reduction of 1 criminal history point, Petitioner's criminal history category would remain unchanged. A reduction of 1 point would result in 7 criminal history points, which still falls within a criminal history category of IV.[7] Accordingly, Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

Third, Petitioner allegedly asked Counsel to object to paragraph 20 because there were no "nude or pornographic pictures of [his] step[child]." (Doc. 50-1, p. 1). Petitioner's argument blatantly contradicts conduct Petitioner admitted to in the factual basis contained in the Plea Agreement: "[D]efendant transmitted images purportedly of his minor children. . ." (Doc. 30, p. 8). Any objection to paragraph 20 would be frivolous. Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

Fourth, Petitioner allegedly asked Counsel to object to paragraphs 53, 55, and 56 of the PSR. (Doc. 50-1, p. 1). Paragraphs 53, 55, and 56 describe increases in

---

[7] Seven, eight, or nine criminal history points result in a criminal history category of IV. *See* USSG Sentencing Table.

Petitioner's offense level based on specific offense characteristics related to Counts One, Four, Five, and Six. (Doc. 34, p. 41). Paragraph 73, however, explains the following:

> Pursuant to the provisions found in USSG § 3D1.2(b), counts one, three, four, five, and six are grouped together since the counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. Pursuant to USSG § 3D1.3(a), in the case of counts grouped together pursuant to USSG § 3D1.2(a)-(c), the offense level application to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter three, for the most serious of the counts comprising the Group, *i.e.*, the highest offense level of the counts in the Group. The most serious of the counts is determined to be count three, production of child pornography.

(Doc. 34, p. 43).

Accordingly, paragraphs 53, 55, and 56—related to the less serious offenses contained in Counts One, Four, Five, and Six—did not have a bearing on Petitioner's total offense level. Petitioner's total offense level was based on the more serious offense of Count Three, production of child pornography. Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

Fifth, Petitioner allegedly asked Counsel to object to paragraphs 64 and 67 due to "double counting." (Doc. 50-1, p. 1). Paragraph 64 provides for an increase by four levels pursuant to USSG § 2G2.1(b)(1)(A) because the offense involved a minor who had not attained the age of 12. (Doc. 34, p. 42). Paragraph 67 provides for an increase by four levels pursuant to USSG § 2G2.1(b)(4) because the offense involved material that portrayed an infant or toddler. (Doc. 34, p. 41). Petitioner's sworn testimony and the factual basis, to which he agreed, establish that his offenses involved both a minor

18

under the age of 12 and an infant or toddler. Because the Guidelines clearly provide for these increases, any objection to the contrary would be frivolous.[8] Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

Sixth, Petitioner allegedly asked Defense Counsel to object to paragraph 65. (Doc. 50-1, p. 1). Assuming *arguendo* that Counsel raised a successful objection to paragraph 65, Petitioner's offense level would decrease by two levels, resulting in a total offense level of 41. (Doc. 34, p. 43). A criminal history category of IV and a total offense level of 41 results in a Guidelines range of 360 months to life imprisonment. Because Petitioner was sentenced to 300 months, below this reduced Guideline range, Petitioner cannot establish prejudice due to Counsel's failure to raise this objection.

Finally, Petitioner asserts that Counsel erred by failing to object to paragraph 83. (Doc. 50-1, p. 1). Defense Counsel objected to paragraph 83 of the PSR prior to and during the sentencing hearing. (Doc. 35). Relying on "uncontroverted information," the Court overruled Petitioner's objection. (Doc. 35; Doc. 37). The Court noted that if it sustained Petitioner's Objection, his criminal history category would remain unchanged. (*Id.*). Petitioner's argument regarding paragraph 83 is meritless.

### iii.  Appeal

Petitioner asserts that Counsel ignored his request to file a Notice of Appeal. (Doc. 42, p. 4). The Government responds that the Court made clear to Petitioner that

---

[8] The Guidelines provide: (1) "If the offense involved a minor who had . . . not attained the age of twelve years, increase by 4 levels" USSG § 2G2.1(b)(1)(A); and (2) "If the offense involved material that portrays . . . an infant or toddler, increase by 4 levels" USSG § 2G2.1(b)(4).

his current Counsel was appointed for trial and that new appellate counsel would be appointed should Petitioner request an appeal. (Doc. 59, p. 7). The Government contends that Petitioner chose not to follow the Court's instructions. (Doc. 59-2; Doc. 59, p. 7). The Government relies on an Affidavit of Counsel, wherein Counsel attests that he "did not ignore a request by [Petitioner] or his father to file an appeal." (Doc. 59-2, ¶ 1). Rather, Counsel emphasized:

> Counsel was never asked to file [a Notice of Appeal]. [Counsel], [Petitioner], and his father briefly discussed the possibilities of an appeal and [Petitioner] chose not to proceed. The rationale of this decision was based on the fact that he previously waived his right to appeal a guideline sentence and further, that he actually benefitted from a variant sentence which resulted in a lower than recommended sentence. Once again, [Counsel] was never asked to file an appeal on [Petitioner's] behalf.

(Doc. 59-2, ¶ 1).

The Court finds that the issue of whether Counsel failed to file a Notice of Appeal despite Petitioner's alleged request creates a fact issue that requires an evidentiary hearing. "[C]ontested fact issues [in a 28 U.S.C. § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). The Court will withhold ruling on this claim pending the outcome of the evidentiary hearing. The Court will also appoint counsel to represent Petitioner at the evidentiary hearing.

III.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION UNDER 28 U.S.C. § 2255 (Doc. 42)** is **DENIED IN PART.** The Court will withhold ruling on Petitioner's claim of ineffective assistance of counsel due to his Counsel's alleged failure to file a timely Notice of Appeal. All of Petitioner's remaining claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's **Motion for Leave to Obtain Discovery (Doc. 62)** is **DENIED.** Petitioner seeks discovery to attack his underlying conviction. Petitioner has clearly admitted his guilt in Court, on the open record, under penalty of perjury, and has waived his right to appeal his conviction in most instances. Based on the Court's Ruling herein, the Court finds Petitioner's requested discovery unnecessary and unwarranted.

**IT IS FURTHER ORDERED** that Petitioner's **Motion for Discovery (Doc. 72)** is **GRANTED IN PART** and **DENIED IN PART.** The Clerk of Court's Office shall mail Petitioner transcripts of his sentencing hearing (Doc. 48) at his address of notice, if it has not previously done so. Petitioner's additional requests for discovery are denied for the reasons stated above.

**IT IS FURTHER ORDERED** that Petitioner's **Motion to Temporarily Stay Proceedings Pending Receipt of the Requested Discovery (Doc. 64)** is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Petitioner's **Motion to Correct Docket Sheet on File in Instant Case (Doc. 74) is DENIED** because the purpose of a Section 2255 Motion is to challenge constitutional violations, not clerical errors. *See* 28 U.S.C. § 2255(a) ("A prisoner [] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

**IT IS FURTHER ORDERED** that a Notice of Hearing will be forthcoming regarding Petitioner's ineffective assistance of counsel for failure to timely file a Notice of Appeal once Counsel is appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that this matter is referred to the Office of the Federal Public Defender for the purpose of either accepting the appointment to represent Defendant or recommending counsel for appointment from the CJA Panel. Counsel shall be appointed for the limited purpose of representing Petitioner at the evidentiary hearing regarding his previous Counsel's alleged failure to file a timely Notice of Appeal.

Baton Rouge, Louisiana, this 15th day of June, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**